UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMRIT KOHLI,

     Plaintiff,

v.

AFFIRMATIONS COMMUNITY
CENTER,

     Defendant.

Case No. 25-cv-13543

Honorable Robert J. White

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO
DISMISS THE COMPLAINT**

I.    <u>Introduction</u>

Amrit Kohli commenced this public-accommodations discrimination action against Affirmations Community Center. The complaint alleges that Affirmations violated federal and state law when it barred Kohli from performing concerts in its theater because of his protected characteristics.

Before the Court is Affirmations' motion to dismiss the complaint. (ECF No. 4). Kohli responded in opposition. (ECF No. 6). Affirmations filed a reply. (ECF No. 7). The Court will decide the motion without a hearing pursuant to E.D. Mich. LR 7.1(f)(2). For the following reasons, the motion is granted.

II.     <u>Background</u>

*A.      Factual History*

Kohli is of "Asian Indian ethnicity," is "not a believer in Judeo-Christian religions," and he claims to suffer from bipolar disorder. (ECF No. 1, PageID.6, ¶ 9).  Affirmations agreed to host one of Kohli's performances at its Ringwald Theater on June 19, 2024. (*Id.*, ¶ 11).  Kohli advertised the performance through flyers and local newspapers. (*Id.*, ¶ 12).  Affirmations "revoked his permission" to use the facility the day after Kohli publicized the concert. (*Id.*, PageID.7, ¶ 13).  Affirmations explained that he could not perform in its theater because Kohli's advertisements employed the term "cease-fire" – an apparent reference to the ongoing conflict in the Middle East. (*Id.*, ¶ 14; *see also id.*, ¶ 16).

Affirmations continued to deny Kohli access to its theater even after he offered to omit the word "cease-fire" in subsequent advertisements. (*Id.*, ¶¶ 17-18, 21-22).  It then barred Kohli from all its facilities after he explained in a letter to Affirmations' governing body that "he felt he was being discriminated against because of his race and religion." (*Id.*, ¶ 19).

Kohli asserts that white people "have been known to be granted access to the facility and not had their access revoked when they express political or controversial views." (*Id.*, ¶ 15).  And he maintains that if he "were Caucasian and/or of the Judeo-

Christian persuasion he would have never been banned in the first place, and his apology would have garnered a better response." (*Id.*, ¶ 23).

### B. Procedural History

Kohli filed this lawsuit in Oakland County Circuit Court initially. (ECF No. 1, PageID.5-9). Affirmations timely removed the action to federal court. (*Id.*, PageID.2, ¶ 3). The complaint alleges violations of Title II to the Civil Rights Act of 1964, the Elliott-Larsen Civil Rights Act, Title III to the Americans with Disabilities Act, and 42 U.S.C. § 1981. (*Id.*, PageID.8-9). Affirmations now moves to dismiss the complaint. (ECF No. 4).

## III. Legal Standards

When reviewing a motion to dismiss the complaint for failing to state a claim, the Court must "construe the complaint in the light most favorable to the plaintiff and accept all factual allegations as true." *Daunt v. Benson*, 999 F.3d 299, 308 (6th Cir. 2021) (cleaned up); *see also* Fed. R. Civ. P. 12(b)(6). "The factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead sufficient factual matter to render the legal claim plausible." *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (quotation omitted).

IV.     <u>Analysis</u>

  A.     *Res Judicata*

As a preliminary matter, Affirmations argues that *res judicata* bars all the current claims because Kohli should have raised them in a previous state small claims proceeding between Kohli's company, Queer Folk, Inc., and Affirmations. (ECF No. 4, PageID.32-36; *see also* ECF No. 4-1).  The Court declines to address this question because *res judicata* is an affirmative defense that Affirmations must plead and, ultimately, prove. Fed. R. Civ. P. 8(c)(1); *see also Laethem Equip. Co. v. Deere & Co.*, 485 F. App'x 39, 51 (6th Cir. 2012) ("Entitlement to a setoff is an affirmative defense that must be pled and proven by the party asserting it.").  And the elements necessary to invoke *res judicata* are not apparent from the face of the complaint. *See Mixon v. Trott Law, P.C.*, No. 19-1366, 2019 U.S. App. LEXIS 26235, at *4-5 (6th Cir. Aug. 28, 2019) (holding that dismissal on *res judicata* grounds is inappropriate under Rule 12(b)(6) when its elements are not discernible from the face of the complaint).  The portion of the motion seeking to dismiss the complaint on the basis of *res judicata* is, therefore, denied.

  B.     *Substantive Claims*

Turning to the substantive causes of action, each of Kohli's claims fail as a matter of law.

Let's start with Title II to the Civil Rights Act of 1964. That provision forbids discrimination in public accommodations because of a person's "race, color, religion, or national origin." 42 U.S.C. § 2000a(a). To establish his entitlement to relief, Kohli "must allege sufficient factual content from which a court, informed by its judicial experience and common sense, could draw the reasonable inference" that Affirmations discriminated against Kohli because of his race or national origin.[1] *Keys v. Humana, Inc.*, 684 F.3d 605, 610 (6th Cir. 2012) (quotation omitted); *see also Thomas v. Murphy Oil Corp.*, 777 F. App'x 377, 380 (11th Cir. 2019) (affirming dismissal of Title II claim where the plaintiff "alleged no facts from which a factfinder could infer reasonably that Plaintiff's mistreatment was motivated by racial animus or that Plaintiff was treated less favorably than similarly situated non-African American customers."); *Bormuth v. Dahlem Conservancy*, 837 F. Supp. 2d 667, 674 (E.D. Mich. 2011) (holding that a Title II plaintiff "would have to demonstrate that he was denied a public accommodation *because of* his religion.") (emphasis added).

Nothing alleged in the complaint supports a reasonable inference that Affirmations barred Kohli from performing at the center "on the ground of" his race or national origin. 42 U.S.C. § 2000a(a). The complaint at best asserts that "[p]arties

---

[1] The complaint limits the Title II and Elliott-Larsen claims to racial and national-origin discrimination. (ECF No. 1, PageID.8, ¶¶ 28, 33).

who are white have been known to be granted access to the facility and not had their access revoked when they express political or controversial views." (ECF No. 1, PageID.7, ¶ 15).  But Kohli "offers no names, examples, or supporting facts to make plausible [this] conclusory assertion" about white performers. *Johnson v. Bender Mgmt., LLC*, No. 25-1374, 2025 U.S. App. LEXIS 25086, at *4 (6th Cir. Sep. 26, 2025).  So this standalone comparator allegation is too generalized to support an inference that Affirmations discriminated against Kohli "on the ground of" his membership in a protected class.

The asserted violations of the Elliott-Larsen Civil Rights Act falter on this same ground. *See* Mich. Comp. Laws § 37.2302(a); *Hedstrom v. Compass Props., LLC*, No. 334305, 2017 Mich. App. LEXIS 2075, at *12-13 (Mich. Ct. App. Dec. 19, 2017) (affirming denial of leave to amend the complaint to add an Elliott-Larsen public-accommodations claim where the plaintiff could not allege that she was "similarly situated to her peer neurosurgeons").

The Americans with Disabilities Act ("ADA") claim fairs no better.  To state a claim under Title III to the ADA, a plaintiff must allege "(1) that she is disabled within the meaning of the ADA; (2) that defendants own, lease, or operate a place of public accommodation; and (3) that defendants discriminated against her by denying her a full and fair opportunity to enjoy the services defendants provide." *La Riccia v. Cleveland Clinic Foundation*, No. 21-3990, 2022 U.S. App. LEXIS 142, at *3-4

(6th Cir. Jan. 4, 2022); *see also* 42 U.S.C. § 12182(a). Title III defines "discrimination" to include:

> a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations.

*Id.* at § 12182(b)(2)(A)(ii).

Here, the complaint's allegations of Title III ADA discrimination – based upon a failure to make reasonable modifications – are untenable because Kohli fails to plead that Affirmations was aware of his purported disability, *i.e.*, that he suffers from bipolar disorder. *See Dunning v. War Mem. Hosp.*, 534 F. App'x 326, 333 (6th Cir. 2013) ("The alleged discrimination could not have been because of a disability of which the hospital was unaware.").

Nor did Kohli sufficiently assert that he requested any "modifications" – let alone "reasonable" ones – in Affirmations' "policies, practices, or procedures" to accommodate his condition. *See PGA Tour, Inc. v. Martin*, 532 U.S. 661, 683 n.38 (2001) (observing that Title III "contemplates three inquiries," one of which is "whether the *requested* modification is 'reasonable'") (emphasis added); *cf. Lopez v. Catalina Channel Express, Inc.*, 974 F.3d 1030, 1036 (9th Cir. 2020) (holding that a Title III plaintiff "must initially prove that a modification was requested and that

the requested modification was reasonable."); *A.L. v. Walt Disney Parks & Resorts US, Inc.*, 900 F.3d 1270, 1292 (11th Cir. 2018) ("The plaintiff bears the burden of proving not only that he is disabled but also that his requested modification is both 'reasonable' and 'necessary.'"); *Dudley v. Hannaford Bros. Co.*, 333 F.3d 299, 309 (1st Cir. 2003) ("42 U.S.C. § 12182(b)(2)(A)(ii), requires a person with a disability to request a reasonable and necessary modification, thereby informing the operator of a public accommodation about the disability."); *Johnson v. Gambrinus Company/Spoetzl Brewery*, 116 F.3d 1052, 1059 (5th Cir. 1997) (same). Kohli's statement that he "has not been shy about letting people know" about his disorder and that he "believes it is commonly known throughout [the] management of Affirmations" is too conclusory to remedy this defect. (ECF No. 1, PageID.6, ¶ 10).

Lastly, Kohli cannot proceed with his 42 U.S.C. § 1981 claim.[2] A plausible section 1981 violation exists where the plaintiff "suffer[s] an injury flowing from the racially-motivated breach of his contractual relationship with another party." *Han v. Univ. of Dayton*, 541 F. App'x 622, 626 (6th Cir. 2013). The "plaintiff must initially plead and ultimately prove that, but for race, it would not have suffered the loss of a legally protected right." *Comcast Corp. v. Nat'l Ass'n of African American-Owned Media*, 589 U.S. 327, 341 (2020).

---

[2]The complaint limits the section 1981 claim to racial and religious discrimination. (ECF No. 1, PageID.9, ¶¶ 42-43).

Like the Title II claim, the complaint contains no allegations supporting a reasonable inference that Affirmations barred Kohli from performing at the center because of his race. *See Han*, 541 F. App'x at 627 (affirming dismissal of section 1981 claim where the "complaint does not plausibly show that the termination of [the plaintiff's] employment, or any other adverse employment decision to which he may have been subjected, was a result of discrimination based upon his race or his gender.").

And insofar as Kohli contends that Affirmations discriminated against him because of his religious affiliation or national origin, section 1981 does not address these forms of discrimination. *See Runyon v. McCrary*, 427 U.S. 160, 167 (1976) ("42 U.S.C. § 1981 is in no way addressed" to "adherents of a particular religious faith."); *see also Washington v. Riverview Hotel, Inc.*, No. 21-5510, 2022 U.S. App. LEXIS 6303, at *9 (6th Cir. Mar. 10, 2022) ("§ 1981(a) does not provide a remedy for . . . religious discrimination in contractual matters."); *El-Zabet v. Nissan N. Am., Inc.*, 211 F. App'x 460, 462-63 (6th Cir. 2006) (holding that "it is legally impossible to state a claim for national-origin discrimination under section 1981"). As a result, the section 1981 claim fails to state a plausible claim for relief. Accordingly,

IT IS ORDERED that Affirmations' motion to dismiss the complaint (ECF No. 4) is granted.

9

Dated: June 17, 2026

s/ Robert J. White
Robert J. White
United States District Judge